UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:08CV208-J

CRYSTAL E. GOODLETT                                                                    PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                        DEFENDANT

## MEMORANDUM OPINION

Before the Court is claimant Crystal Goodlett's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying her claims for Disability Insurance ("DIB") and Supplemental Security Income ("SSI") benefits. After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is supported by substantial evidence and must be upheld.

PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI on April 6, 2005 alleging that she became disabled on March 3, 2005 at age 26 by migraines and seizures from a car accident. She worked in the past as a secretary and technician, medical assistant, nursery school worker, florist worker, and parks and recreation worker (Tr. 104). She is a high school graduate, and completed two years of college in the nursing field. Following a hearing on February 6, 2007 at which the claimant and a vocational expert offered testimony, Administrative Law Judge Gloria York ("ALJ") found that the claimant has severe impairments of psychogenic spells, a mild cognitive disorder, and headaches (Tr. 22). The ALJ found that these conditions prevent claimant from performing her past relevant work, but that she remains capable of performing a limited range of medium work, stating:

> After careful consideration of the entire record, the Administrative Law Judge finds the claimant has a residual functional capacity for a limited range of medium work. Specifically, she can lift and carry 50 pounds occasionally and 25 pounds frequently and stand and walk six hours out of eight, but she requires normal seizure precautions with no exposure to heights or hazards and she is limited to routine, repetitive tasks in a low stress environment.

Plaintiff appeals from this unfavorable decision.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ committed the following errors: 1) the ALJ erred in declining to give controlling weight to the disabling opinion of treating physician Dr. Ghias Arar; and 2) the ALJ erred in rejecting the opinions of vocational psychologist Robert Tiell that indicate the claimant is not capable of performing any substantial gainful employment because of her unreliable memory, attention and concentration and severe depression.

## ANALYSIS

Dr. Ghias Arar is a treating physician who has seen claimant since 2002 for chronic headaches and what he characterizes in treatment notes as "possible seizure" activity. Ms. Goodlett had extensive work-up following a rear-end car accident in April of 2002, which Dr. Arar noted was "all unremarkable" (Tr. 261). In addition to the numerous normal EEGs and MRIs, claimant was referred to neurology specialist Dr. Toufic Fakhoury at the University of Kentucky for Epilepsy monitoring. During three days of monitoring, she had only seven subjective "spells" which he believed were probably nonepileptic and more likely psychogenic in nature (Tr. 270). In a July 19, 2004 letter, Dr. Arar indicates that, "Initially, serious concern about the possibility of a seizure disorder lead to starting the patient on anticonvulsant. After the patient went through extensive neurodiagnostic testing, including several EEGs and a prolonged EEG-CCTV study, this possibility was **ruled out**." (Tr. 268, emphasis added.) In Dr. Arar's June 12, 2006 treatment note, he states that he is "not sure if she can perform any type of job with her significant fatigue and other problems." (Tr. 259).

Plaintiff contends that it was error for the ALJ to reject this disabling opinion from Dr. Arar. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound

to hold the Commissioner to the requirements of 20 C.F.R. §404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Social Security Ruling 96-2p. Based upon this Court's review of the treatment records, the ALJ had substantial justification for severely limiting the weight given to the disabling "opinion" of Dr. Arar contained in the June 12, 2006 treatment note.

20 C.F.R. §404.1527(e) provides that an opinion from medical sources that a claimant is "unable to work" full-time or any other opinion on an issue that is "dispositive of a case, i.e., that would direct the determination or decision of disability" is not deemed to be a "medical opinion" but rather a medical source opinion on an issue "reserved to the Commissioner" and, as such, is entitled to no "special significance." The ALJ did not err in declining to give controlling weight to Dr. Arar's conclusory statement of disability as this is an issue "reserved to the Commissioner." The Court finds substantial justification for the ALJ's decision to discount the disabling statement of Dr. Arar, and declines to disturb this finding.

Next, the claimant argues that she has disabling depression based upon the report of vocational psychologist Mr. Robert Tiell, M.A. Therein, Mr. Tiell gives several opinions indicating that the claimant suffers from disabling depression and would be unable to work due to unreliable memory, attention and concentration. Mr. Tiell is not a treating source whose opinion would be entitled to great deference. The ALJ was justified in rejecting his opinions as being inconsistent with other evidence in the record.

To the extent that plaintiff is arguing that the ALJ erred by not finding depression to be a severe impairment at step two of the sequential evaluation process, it is notable that there is no mention of depression in the medical treatment notes of record from Drs. Arar and Fakhoury, nor

did the claimant allege depression in her initial application for benefits. In fact, psychological evaluation by Dr. Karen Lenhoff on June 4, 2005 fails to mention any depressive symptoms (Tr. 198), and a May 11, 2004 pain management profile notes that it is "unlikely" that she feels depressed (Tr. 170). The Court finds that the ALJ's determination that the claimant's depression is non-disabling is supported by substantial evidence in the record and will not be disturbed.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and must be upheld. A Judgment in conformity with this Memorandum Opinion has this day entered.